AO 245C    Amended Judgment in a Criminal Case
(Rev. 11/25)  Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
Middle District of Georgia

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|

**V.**

JAYLEN FILMORE

| | |
|---|---|
| Case Number: | 7:24-CR-00038-004 |
| USM Number: | 61689-511 |

Jenifer Enterante Cummings
Defendant's Attorney

**Date of Original Judgment:** May 28, 2026
*(Or Date of Last Amended Judgment)*

## THE DEFENDANT:

☒ pleaded guilty to count(s)  1s

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 USC §§ 1349 and 1344(2) Conspiracy to Commit Bank Fraud | December 2023 | 1s |

The defendant is sentenced as provided in pages 2 through _____10_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 24, 2026
Date of Imposition of Judgment

Signature of Judge

W. LOUIS SANDS
SENIOR U.S. DISTRICT JUDGE
Name and Title of Judge

06/24/2026
Date

AO 245C    Amended Judgment in Criminal Case
(Rev. 11/25)   Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___2___ of ___9___

DEFENDANT:         JAYLEN FILMORE
CASE NUMBER:       7:24-CR-00038-004(WLS)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: One (1) day (time served).

☐    The court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____    ☐    a.m.    ☐    p.m.    on _____ .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C      Amended Judgment in a Criminal Case                                    (NOTE: Identify Changes with Asterisks (*))
(Rev. 11/25)  Sheet 3 — Supervised Release

Judgment—Page    3    of    9

DEFENDANT:        JAYLEN FILMORE
CASE NUMBER:      7:24-CR-00038-004(WLS)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  three (3) years.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.   ☒   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  (*check if applicable*)

5.   ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.   ☐   You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C    Amended Judgment in a Criminal Case                                    (NOTE: Identify Changes with Asterisks (*))
(Rev. 11/25)   Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___9___

DEFENDANT:        JAYLEN FILMORE
CASE NUMBER:      7:24-CR-00038-004(WLS)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. Upon notification to the Court and upon the Court's direction, the probation officer may require you to notify a person or organization of a risk you may pose, and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date _____
USPO Officer's Signature _____      Date _____

AO 245C       Amended Judgment in a Criminal Case                              (NOTE: Identify Changes with Asterisks (*))
(Rev. 11/25)   Sheet 3D — Supervised Release

Judgment—Page    5    of    9

DEFENDANT:        JAYLEN FILMORE
CASE NUMBER:      7:24-CR-00038-004(WLS)

# SPECIAL CONDITIONS OF SUPERVISION

You shall participate in a program of drug and alcohol testing and treatment.  The U.S. Probation Office shall administratively supervise your participation in the program by approving the program, administering the testing, and supervising the treatment.  You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

You shall provide financial information to the Probation Officer upon request.

You are prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office.

You are prohibited from possessing or using alcoholic beverages while enrolled in treatment such as mental health, sex offender or substance abuse treatment.

You are required to notify the Financial Litigation Unit (FLU), United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership, or corporation, after the execution of the plea agreement until the fine or restitution is paid in full.

You shall notify the FLU before he transfers any interest in property owned, directly or indirectly, by the defendant, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations.

You shall not make any future transfer of assets for the purpose of evading or defeating financial obligations that are created by this agreement or that mat be imposed upon him by the Court.

You shall promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The financial statements and disclosures shall be complete, accurate, and truthful. He authorized the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office. You shall authorize the U.S. Attorney's Office to obtain a credit report on you in order to evaluate your ability to satisfy any financial obligation imposed by the Court.

You shall submit your person, property, house, residence, vehicle, papers, computers (as defined by 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release. The Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

TAP Level 4 Restrictions - Access to a computer and the Internet with periodic reviews

You shall submit your computer, associated hardware, cellular devices and digital media for review by the Probation Office. The review may include data you have stored on remote servers, such as cloud storage, social media applications or any other online account or service.

You shall provide the Probation Office with truthful and complete information regarding all computer hardware, software, Internet providers, cellular devices and storage media to which you have access, whether at home, work, or other locations. You shall also provide all passwords used on your computer, cellular devices and online accounts.

You are only authorized to use computers or cellular devices that are approved by the Probation Office. Any computer or cellular device in your residence or possession must be approved by the Probation Office.

You shall not own or possess any type of camera, photographic device or video producing device without the approval of the Probation Office.

You shall not use any network or Internet connection other than those which are authorized by the Probation Office.

You are prohibited from access to the Internet or any public or private computer network at any location unless approved by the Probation Office. This includes but is not limited to computers or devices located in private homes, libraries, schools, cyber cafes or other public or private locations.

You shall not use or own any device which allows Internet access unless approved by the Probation Office. This includes but is not limited to PDAs, electronic games, Internet appliances and cellular devices.

All repairs to your authorized computer systems and cellular devices must be pre-approved by the Probation Office. Repairs must be performed by repair locations approved by the Probation Office. Documentation indicating repairs and reason for repairs must be obtained and submitted to the Probation Office.

You shall not make modifications or install software on authorized computer systems or cellular devices without pre-approval by the Probation Office.

You shall not dispose of computers, storage devices or other Internet capable devices without the approval of the Probation Office.

You will allow the Probation Office to use detection tools to discover the existence of wireless Internet signals or devices at your residence.

You shall relinquish possession of your computer and associated hardware and media to the Probation Office at the onset of supervision, if a review cannot be completed onsite or if prohibited content is discovered.

You shall not possess or use removable media configured with bootable operating systems or portable web browsers.

You shall provide financial information to the Probation Office upon request.

You shall notify all parties who reside in your residence of these conditions.

AO 245C        Amended Judgment in a Criminal Case                                    (NOTE: Identify Changes with Asterisks (*))
(Rev. 11/25)    Sheet 3E — Supervised Release

Judgment—Page    6    of    9

DEFENDANT:        JAYLEN FILMORE
CASE NUMBER:      7:24-CR-00038-004(WLS)

You shall obtain approval and authorization by the Probation Office prior to establishing and/or accessing email accounts, chat rooms, instant messaging services, social networking sites, peer-to-peer networks or other online environments.

AO 245C        Amended Judgment in a Criminal Case                                    (NOTE: Identify Changes with Asterisks (*))
(Rev. 11/25)    Sheet 3E — Supervised Release

Judgment—Page    6    of    9

DEFENDANT:        JAYLEN FILMORE
CASE NUMBER:      7:24-CR-00038-004(WLS)

AO 245C    Amended Judgment in a Criminal Case                                    (NOTE: Identify Changes with an Asterisks (*))
(Rev. 11/25)  Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___7___ of ___9___

DEFENDANT:         JAYLEN FILMORE
CASE NUMBER:       7:24-CR-00038-004(WLS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $85,936.05 | $ | $ | $ |

☐  The determination of restitution is deferred until _____ An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

*SunTrust Bank (Truist Financial)        $9,500.00
4320 Kahn Drive
Lumberton, NC 28358

*Synovus Bank                            $8,666.33
1137 1st Avenue
Columbus, GA 31901

*Capital City Bank                       $16,322.49
2111 N. Monroe Street
Tallahassee, FL 32303

*Centennial Bank                         $8,333.26
P.O. Box 966
Conway, AR 72033

*US Bank                                 $4,500.00
1200 Energy Park Drive
St. Paul, MN 55108

*Prime Meridian Bank                     $9,333.23
1471 Timberlane Road
Tallahassee, FL 32312

*Ameris Bank                             $9,710.42
300 South Main St.
Moultrie, GA 31768

*Meeks Construction                      $19,570.32
Attn: Casey Meeks
1929 Buford Blvd.
Tallahassee, Florida 32308

☐  Restitution amount ordered pursuant to plea agreement $

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒  the interest requirement is waived for the    ☐  fine        ☒  restitution

   ☐  the interest requirement for the              ☐  fine        ☐  restitution is modified as follows:

AO 245C      Amended Judgment in a Criminal Case                                                    (NOTE: Identify Changes with an Asterisks (*))
(Rev. 11/25)   Sheet 5 — Criminal Monetary Penalties

Judgment — Page    8    of    9

DEFENDANT:           JAYLEN FILMORE
CASE NUMBER:         7:24-CR-00038-004(WLS)


  * Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub.L. No. 115-299.
  ** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    Amended Judgment in a Criminal Case                                    (NOTE: Identify Changes with Asterisks (*))
(Rev. 11/25)  Sheet 6 — Schedule of Payments

Judgment — Page ___9___ of ___9___

DEFENDANT:        JAYLEN FILMORE
CASE NUMBER:      7:24-CR-00038-004(WLS)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with    ☐  C,    ☐  D,    ☐  E, or    ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐  C,    ☐  D, or    ☐  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

Any criminal monetary penalty ordered by the court shall be due and payable in full immediately. Present and future Assets are subject to enforcement and may be included in the treasury offset program allowing qualified federal benefits to be applied to the balance of criminal monetary penalties.
Payment during the term of supervised release will commence within 60 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time. (fine/restitution) payment shall be due during the period of imprisonment at the rate of not less than $25 per quarter and pursuant to the bureau of prisons' financial responsibility program. The value of any future assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the treasury offset program, allowing qualified benefits to be applied to offset the balance of any criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
    Hayes #5, Bryant #8, Filmore #4 & Cookley #3 $9,710.42 TO AMERIS BANK AND $19,570.32 TO MEEKS CONSTRUCTION
    Hayes #5 & Filmore #4 $16,322.49 TO CAPITAL CITY BANK AND $8,333.26 TO CENTENNIAL BANK
    Filmore #4 $9,500 TO SUNTRUST BANK, $8,666.33 TO SYNOVUS BANK, $4,500 TO US BANK, AND $9,333.23 TO PRIME MERIDIAN BANK

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.